UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA MUNRO-KIENSTRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV53 HEA |
| ) | |
| CARPENTERS' HEALTH AND ) | |
| WELFARE TRUST FUND OF ST. LOUIS, ) | |
| ) | |
| Defendant, ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 352], Plaintiff has filed a Motion for Summary Judgment, [Doc. No. 40]. Because the Court concludes Defendant is entitled to judgment, Plaintiff's Motion is moot.

## **Facts and Background**

Plaintiff seeks to recover health care benefits pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, (ERISA), under the employee welfare benefit plan provided by Defendant.

Plaintiff alleges that Defendant wrongfully denied Plaintiff's medical benefit claims. Plaintiff's claims were denied on December 10, 2008 and January 7, 2009. Plaintiff appealed the decision on June 2, 2009. Her appeals were

presented to the Appeals Committee for the Board of Trustees on July 16, 2009. The denials were upheld on the basis that the procedure was experimental and investigational and is excluded from coverage under the terms of the Plan. This denial was communicated to Plaintiff on July 23, 2009.

The Plan document provides on page 55, under the heading "How to Appeal a Denied Claim," that any civil action under Section 502(a) of ERISA must be filed within two (2) years of the date of the Trustees' decision.

The Plan document provides on page 59, under the heading "Rules of Construction"

> The terms and provisions of this Plan shall be construed according to the principles and in the priority as follows:
>
> First, in accordance with the meaning under, and which will bring the Plan into conformity with, the Internal Revenue Code and with ERISA; and secondly, in accordance with the laws of the State of Missouri.
>
> The Plan shall be deemed to contain the provisions necessary to comply with such laws.

This action was filed on January 11, 2012, almost two and one-half years after the decision of the Appeals Committee was communicated to Plaintiff. Plaintiff now seeks review of the denial.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur* 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248;

*Woods v. DaimlerChrysler Corp.,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Maces. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

## Discussion

Defendant is entitled to summary judgment because the two year contractual limitation period in the insurance policy at issue bars Plaintiff's claim for policy benefits. The policy that Defendant issued is part of an employee welfare benefit plan that is subject to the Employee Retirement Income Security Act of 1974 (ERISA),29 U.S.C. § 1001 et seq. [1] Under ERISA, a plan participant like Plaintiff

---

[1]"The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... disability ... benefits ..." 29 U.S.C. § 1002(1).

may bring a civil action under § 502(a)(1)(B) "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

"Statutes of limitations establish the period of time within which a claimant must bring an action." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604, 610 (2013). "ERISA § 502(a)(1)(B) does not specify a statute of limitations" for filing suit. *Id*. Consequently, courts typically "borrow the most closely analogous state limitations period." *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir.1998).

Plaintiff asks the Court to apply the Missouri ten year statute of limitations, MoRevStat. § 516.110(1), to her claim for policy benefits. The Court would accept the invitation were it not for the fact that the two year time limit on lawsuits under the express terms of the policy at issue overrides the statutory time limit.

As the Supreme Court recently reiterated in *Heimeshoff,* parties may provide by contract for a limitations period that is shorter than the statutory period, and the parties may select the date on which the contractual time limit begins to run. *Heimeshoff*, 134 S.Ct. at 611. The rule dates to the Supreme Court's opinion in

*Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586 (1947). There, the Court held that, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Id.* at 608. In *Heimeshoff,* the Supreme Court held that contractual time limits on lawsuits are "especially appropriate when enforcing an ERISA plan." 134 S.Ct. at 611–12. That is because,

> "employers have large leeway to design disability and other welfare plans as they see fit." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ... Th[e] focus on the written terms of the plan is the linchpin of "a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

*Id*. at 612. Consequently, the Court "must give effect to the Plan's limitations provision" unless the Court determines "either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Id*.

In considering the reasonableness factor, the Court again directs its attention to *Heimeshoff*. The policy provides:

When requesting a review, the claimant or his/her authorized representative should state the reason they believe the claim denial was improper and submit any comments, documents, records or other information which is considered appropriate. The Trustees will consider all such submissions as part of the review. The claimant or his/her authorized representative may have reasonable access to, and copies of, all documents, records or other information relevant to the claim upon request free of charge.

As required by law, the Board of Trustees' claim review will not give deference to the original claim decision. If the original claim denial was the result of a medical judgment, the Plan will consult with a healthcare professional who has the appropriate training and experience to render an informed opinion. The healthcare professional will not be the one used for the original claim determination of his/her subordinate. Such individual or entity will be disclosed upon written request to the Board of Trustees.

The Board of Trustees, as fiduciaries of the Plan, will generally make a decision on the review within 45 days after receipt of the request for review, unless special circumstances require an extension of time for processing in which case a decision will be made as soon as possible, after receipt of the request for review. If such an extension is required, a claimant or his/her authorized representative will be notified within 45 days after receipt of the request for review.

Notice of the Trustees' decision to deny the appeal in whole or in part on the review will be in writing and will include the specific reasons for the decision, as well as specific references to the pertinent Plan
provisions on which the decision is based and other information of the types contained in the initial notice advising the member that the claim has been denied. The decision of the Trustees is final. *Any civil action under Section 502(a) of the Employee Retirement Income Security Act must be filed within two years of the date of the Trustees' decision.*

(Emphasis added).

The plan at issue in *Heimeshoff* stated: "'Legal action cannot be taken

against The Hartford ... [more than] 3 years after the time written proof of loss is required to be furnished according to the terms of the policy.'" *Heimeshoff* 134 S.Ct. at 609 (quoting policy).

The Supreme Court characterized the three year period as a "common contractual limitations provision." *Heimeshoff,* 134 S.Ct. at 610. Finding that the three year period was reasonable *even though* the administrative review process in *Heimeshoff* consumed nearly two years and left the plan participant with only *one* year in which to file suit, the Court reasoned, "Heimeshoff does not dispute that a hypothetical 1–year limitations period commencing at the conclusion of internal review would be reasonable. *Id*. at 4. We cannot fault a limitations provision that would leave the same amount of time in a case with an unusually long internal review process while providing for a significantly longer period in most cases." *Id*. at 612–13. The Court added:

> Heimeshoff, drawing on a study by the American Council of Life Insurers of recent § 502(a)(1)(B) cases where timeliness was at issue, states that exhaustion can take 15 to 16 months in a typical case. Reply Brief 17–18, n. 3 (citing Brief for American Council of Life Insurers et al. as Amici Curiae 29). In our view, that still leaves ample time for filing suit.

*Id*. at 612, n.

Here, Plaintiff's claims were denied on December 10, 2008 and January 7,

2009. Plaintiff appealed the decision on June 2, 2009. Her appeals were presented to the Appeals Committee for the Board of Trustees on July 16, 2009. The denials were upheld on the basis that the procedure was experimental and investigational and is excluded form coverage under the terms of the Plan. This denial was communicated to Plaintiff on July 23, 2009.

With respect to the second potential prohibition on a contractual time limit on ERISA suits, namely a "controlling statute" that prevents the contractual provision from taking effect, Plaintiff does not point to a statutory provision that prohibits a plan from contracting to reduce the applicable statute of limitations. The Supreme Court considered a variety of arguable statutory limitations in *Heimeshoff* and found that none of them restricted a plan from contractually establishing a time limit for lawsuits that is shorter than the statutory limit. *Heimeshoff* 134 S.Ct. at 615–16.

Moreover, the Court has considered whether to toll the policy's time limit on lawsuits because Defendant did not provide a copy of the policy to her with the communication that her appeal was denied, so she may not have been aware of the two year cutoff for litigation until after the time limit expired.

In *Heimeshoff,* the Supreme Court acknowledged that, "[i]f the administrator's conduct causes a participant to miss the deadline for judicial

review, waiver or estoppel may prevent the administrator from invoking the [contractual] limitations provision as a defense." *Heimeshoff*, 134 S.Ct. at 615. Here, there is no basis for tolling because Plaintiff has not demonstrated that Defendant's conduct caused her to miss the two year deadline for judicial review.

Under 29 C.F.R. § 2560.503–1, an ERISA regulation, Defendant had to advise Plaintiff of the two year limitation period in the letter in which Defendant advised Plaintiff that it had completed an internal administrative review of her claim for benefits. That regulation states that any written or electronic notification of an adverse benefits determination must include "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of [ERISA] following an adverse benefit determination on review." 29 C .F.R. § 2560.503–1(g)(iv). Defendant's letter to Plaintiff fulfills the regulation's requirements. The letter provides:

> [t]he decision of the Trustees is final.  Under federal law the claimant has a right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act ("ERISA") if the [sic] dissatisfied with the decision of the trustees.  Before bringing such an action the claimant must exhaust the Plain's claim and appeals procedure.  Any such action against the Plan under ERISA *must be filed within two years of the date on which the Trustees made their decision on appeal.*  Any such action must be filed no more than three years after the claim was due.  The claimant further has the right to

> receive free of charge upon written request all documents, records and other information relevant to the claim. Such request should be sent to the Fund office.

(Emphasis added).

Thus, the letter contains "a statement of the claimant's right to bring a civil action under section 502(a) of [ERISA]." More significantly, it specifically contained the applicable limitation time period within which to commence her suit for judicial review. The Court cannot, under *Heimeshoff* ignore the clear mandate that the suit must have been commenced within two years from the time Plaintiff was notified of the denial of the appeal.

## Conclusion

For the reasons outlined above, summary judgment in favor of Defendant is appropriate on Plaintiff's ERISA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 35], is granted.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE